EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
GREGORY W. STAPLES (Cal. Bar No. 155505)
Assistant United States Attorney
     United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3535
     Facsimile: (714) 338-3523
     E-mail:    greg.staples@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-154-AG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION; DECLARATION OF SPECIAL AGENT BRAD HOWARD |
| v. | |
| ANTONIO MARQUETTE, | Date: January 30, 2017 |
| Defendant. | Time: 2:30 p.m. |

The government submits its sentencing position.

January 6, 2017                                    /s/
DATE                                               GREGORY W. STAPLES
                                                   Assistant U.S. Attorney

**I.   INTRODUCTION**

The government has no objections to the findings in the PSR. The government agrees with Probation's recommendation of 70 months in custody, restitution in the amount of $1,551,500, three years of supervised release, and the other conditions recommended by Probation.

**II.   BACKGROUND**

Defendant is before the Court after conviction at trial of ten counts of mail fraud and one count of money laundering.  In 2010 and 2011, defendant defrauded victims by offering to eliminate or reduce their mortgages for a fee.  PSR ¶ 9.  Defendant charged between $36,000 and $110,000 or more for his services.  *Id.*  Defendant guaranteed the mortgages would be eliminated or reduced.  PSR ¶ 10.

In fact, as victims testified at trial, no one had their mortgages eliminated or reduced as a result of defendant's efforts. All but a few lost their homes and had their credit ruined because defendant had told his victims to stop making their mortgage payments and to not speak with their lenders.  None of the victims recovered any of the money they paid defendant.

In all but a few instances, defendant accepted only cash from his victims.  *See* Declaration of Brad Howard ¶ 5, attached herein. The total known loss in this case is $1,551,500.  *Id.* at ¶ 9.  The loss amount is based on statements provided by victims to the case agent, which was corroborated in a few instances where defendant accepted payment by check or wire.  *Id.* at ¶¶ 6-8.  Also, it is the recollection of government counsel that each victim testified during trial as to the amount on money each gave to defendant.

////

**III. GUIDELINES CALCULATIONS**

Probation calculates the Guidelines using section 2S1.1(a)(1) for money laundering as it results in the highest offense level.  PSR ¶ 20.  The calculations pursuant to § 2S1.1(a)(1) are as follows:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a) |
| Loss > $1.5 million: | 16 | U.S.S.G. § 2B1.1(b)(1)(I) |
| More than 10 victims: | 2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |
| Money laundering conv.: | <u>2</u> | U.S.S.G. § 2S1.1(a)(1) |
| Total Off. Level: | 27 | |

Defendant is in criminal history category I.  PSR ¶ 35.  The resulting sentence range is 70 to 87 months.  Probation recommends a sentence of 70 months.  For the reasons set forth below the government agrees with Probation's recommendation.

**IV.  SECTION 3553 FACTORS**

The offense here was serious, measured both in the loss of money and homes, and the emotional impact on the victims.  Several of the victims did not want to testify as they did not want to revisit a painful episode in their lives.  Howard Dec. ¶ 11.  As the victims testified a trial, they trusted defendant, who consistently refused to provide the victims any copies of the documents they signed.  Some victims testified that they did not believe a fellow Vietnamese-American would cheat them.  Other victims testified that defendant's professed religious faith gave them added trust.  A sentence of 70 months reflects the serious nature of the offense in terms not only of the monetary loss, but also lasting emotional impact of the crimes.

A sentence of 70 months is also warranted to promote respect for the law and provide a just punishment.  Defendant took more than $1.5

million in cash from his victims and guaranteed to resolve their mortgage problems, only to leave them in a much worse position than they were in before: lost homes, ruined credit, empty savings accounts, and debts to friends and family members. A 70-month sentence also protects the public from more crimes by the defendant, and may deter others from engaging in such conduct.

A 70-month sentence is also consistent with that given to similarly-situated defendants; i.e., defendants who do not accept responsibility for their conduct, cause more than $1.5 million in loss, and are convicted of money laundering as part of their fraud scheme. The government agrees with Probation's assessment that the Guideline range adequately accounts for the nature and seriousness of the offense, and defendant's minimal criminal history. Recommendation Letter p. 4. The government also agrees there are no factors in mitigation that would warrant a departure from the Guidelines range. *Id.*

**V. CONCLUSION**

For the foregoing reasons, a sentence of 70 months, restitution of $1,551,500, and three years of supervised release should be imposed, along with the other conditions recommended by Probation.